IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00785-BNB

BRIAN KEITH JONES,

    Applicant,

v.

DAVID L. MICHAUD, Chairman, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 11 2008

GREGORY C. LANGHAM
                 CLERK

ORDER OF DISMISSAL

I. Background

Applicant Brian Keith Jones has been paroled from the Colorado Department of Corrections to the Southeast Region of Colorado and currently resides in Colorado Springs, Colorado. Mr. Jones initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case No. 02CR4590 in the El Paso County District Court of Colorado. In an order entered on May 9, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 27, 2008, Respondents filed an Answer. Mr. Jones, also on May 27, 2008, filed a pleading titled "Pre-Answer

Response" (Response), which appears to be in response to the Court's May 9, 2008, Order. He has not replied to Respondents' Answer within the time allowed.

In the Application, Mr. Jones asserts that he pled guilty on December 18, 2003, to an amended count of misdemeanor unlawful sexual contact and entered into a stipulation for deferred judgment and sentence in Case No. 02CR4590. (Application at 1-2.) He further asserts he filed a direct appeal in which the Colorado Court of Appeals affirmed his conviction either on January 3, 2008, or on January 30, 2008. (Application at 3.) He also states that he appealed the court of appeals' decision to the Colorado Supreme Court, and the appeal was denied on March 17, 2008. (Application at 3.)

In the Answer, Respondents assert that Mr. Jones is attacking his convictions in Case Nos. 02CR4590 and 02CR4930. (Answer at 1.) They further assert that Mr. Jones entered into a stipulation and was granted a deferred judgment and sentence on December 18, 2003 in Case No. 02CR4590. (Answer at 2.) Respondents also attached a copy of the stipulation. (Answer, Ex. C at 10, Stipulation.) The stipulation deferred sentencing for one year, provided that Mr. Jones complied with the stipulation and was not charged with any additional criminal offenses. (Answer, Ex. C at 10.) If Mr. Jones breached any of the conditions in the stipulation the court then would enter a judgment of conviction and sentence. (Answer, Ex. C at 11.)

Respondents further assert that on March 4, 2004, the same day that Mr. Jones was sentenced to probation in a separate criminal case, Case No. 02CR4930, his motion to withdraw his plea in Case No. 02CR4590 was denied. (Answer at 2 and Ex. I.) Respondents also assert that Applicant's probation later was revoked, and he was sentenced to two years of incarceration on January 3, 2006. (Answer at 2 and Ex. I.)

2

Respondents contend that Mr. Jones did not file a postconviction motion attacking his original guilty plea until May 12, 2006, which the state district court denied on May 23, 2006, and the Colorado Court of Appeals affirmed the denial, on November 8, 2007, and issued a mandate on January 11, 2008. (Answer at 2-3. and Exs. A, E, F, and H.) Respondents further contend that the Colorado Supreme Court denied Applicant's petition for writ of certiorari in the postconviction motion as untimely on March 14, 2008. (Answer at 3 and Ex. G.)

II. Analysis

The Court must construe liberally Mr. Jones's Application and Response because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

3

United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2) The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Jones's Application is time-barred. They contend that the state record shows that he was sentenced to probation on March 4, 2004, for a drug offense, and the court, therefore, was required to enter a judgment of conviction and sentence pursuant to the plea stipulation in Case No. 02CR4590. (Answer at 6 and Exs. C and I.) Respondents further contend that Mr. Jones had forty-five days from March 4, 2004, to file a direct appeal, and because he did not file an appeal within the forty-five days the one-year time period within which he was required to file a habeas petition began to run on April 19, 2004. (Answer at 6.) Respondents also contend that the postconviction motion Applicant filed on May 12, 2006, was untimely under state law and, therefore, did not toll the time under § 2244(d) because it was improperly filed. (Answer at 6.) Respondents further contend that the postconviction motion was filed

beyond the one-year time limitation under § 2244(d). (Answer at 6.) Respondents conclude that the instant action should be dismissed as time-barred.

In the Response Applicant filed on May 27, 2008, he states in a conclusory fashion that he "has submitted documents demonstrating . . . [t]his action is filed in a timely manner . . . ."

First, the Court finds, contrary to Respondents, that Mr. Jones is challenging only his conviction in Case No.02CR4590 in this action. (Application at 1.) Second, again contrary to Respondents, the Court finds that the state court record does not support Respondents' assertion that the deferred conviction and sentence entered on December 18, 2003, in Case No. 02CR4590, was subject to a judgment of conviction and sentence on March 4, 2004, when Mr. Jones was sentenced to probation in Case No. 02CR4930. Upon review of the state court record in Exhibit H of the Answer, the Court does not find an entry in Case No. 02CR4590 directing a judgment of conviction and sentence in Case No. 02CR4590 on March 4, 2004. (Answer at Ex. H.) Furthermore, the claims that Applicant raises in the instant action pertain to the deferred judgment and sentence that was finalized on December 18, 2003, and do not pertain to a conviction that may have been entered on March 4, 2004, as Respondents suggest.

Upon review of the state court record, the Court finds no entry after the December 18, 2003, deferred judgment until March 4, 2004, when Mr. Jones filed a motion to withdraw his plea. (Answer at Ex. H.) There is no indication that Mr. Jones filed a direct appeal in Case No. 02CR4590. The deferred judgment and sentence, therefore, was final on February 2, 2004, forty-five days after the judgment and

5

sentence were entered on December 18, 2003. *See* Colo. App. R. 4(b); Colo. App. R. 26(a).

Applicant did file a letter on March 18, 2004, regarding the denial of his motion for withdrawal of his plea and ineffective assistance of counsel and a motion on May 12, 2006, seeking to file without payment and a supporting financial affidavit in Case No. 02CR4590. (Answer at Ex. H.) To the extent that the letter filed on March 18, 2004, asserts ineffective assistance of counsel, the letter is not properly filed as a postconviction motion. (Answer at Exs. H and I.) The AEDPA provides no definition of "properly filed" for tolling purposes. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000). According to the Supreme Court, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). There is nothing in the state court record that indicates the letter Applicant submitted to the state trial court on March 18, 2004, was considered by the court as a properly filed postconviction motion. (Answer at Exs. H and I.)

The May 12, 2006, motion (*See* Answer, Ex. H at 13), however, as found by the Colorado Court of Appeals, was treated by the trial court as a postconviction motion and was denied as time-barred pursuant to Colo. Rev. Stat. § 16-5-402(1). *State of Colorado v. Jones*, No. 06CA1572 (Colo. App. Nov. 8, 2007) (unpublished). This Court, therefore, finds that Mr. Jones's deferred judgment was final on February 2, 2004, he did not file a direct appeal, and his postconviction motion was filed on May 12, 2006. Applicant, therefore, did not have a postconviction motion or collateral

proceeding pending in state court from February 3, 2004, the day after the judgment became final, until May 11, 2006, the day before he filed a postconviction motion, or from December 23, 2007,[1] the day after the forty-four days ran for filing a petition for certiorari review, until April 3, 2008, the day prior to when he signed the original Application in the instant action and placed the Application in the prison mail for filing in this Court, see *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Mr. Jones does not allege in either the Application or his Response that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application which were created by state action.

Therefore, the Court finds that the one-year limitation period began to run on February 3, 2004. Mr. Jones did not file his state-court postconviction motion until May 12, 2006, over two years after the deferred judgment was final. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

---

[1] Applicant's petition for writ of certiorari was denied as untimely on March 14, 2008. In accordance with Colorado Appellate Rules 40 and 52, Applicant had forty-four days to file a petition for writ of certiorari with the Colorado Supreme Court after the Colorado Court of Appeals affirmed the denial of his postconviction motion. Applicant's appeal of the postconviction motion was denied on November 8, 2007. Since Applicant did not file a timely petition for a writ of certiorari and the petition for a writ was denied as untimely, and assuming the court of appeals' decision was entered on the docket on November 8, 2007, his postconviction motion became final on December 22, 2007, the date he was required to submit a petition for a writ for certiorari. *See* Colo. App. R. 26(a) (intermediate Saturdays and Sundays shall be excluded).

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Jones bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Jones fails to allege any facts that might justify equitable tolling of the one-year limitation period. In his Response, Applicant asserts that the state court did not have subject matter jurisdiction over the offense or over him for the collateral attack to be untimely. He also asserts that his appeal of the May 23, 2006, motion was not untimely as the Colorado Court of Appeals granted him an extension of twenty-five days to file a notice of appeal. Mr. Jones, however, fails to address why he waited two years to file a postconviction motion regarding the deferred judgment. The Court, therefore, finds that Mr. Jones fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

### B. State-Court Exhaustion

Even though the action clearly is time-barred, the Court also will address the issue of exhaustion. Mr. Jones has raised fifteen claims in the instant Application. All but one of the claims challenges the state court proceedings that took place prior to the December 18, 2003, deferred judgment. In Claim Fourteen, Applicant challenges a parole proceeding. This claim more properly is raised in a 28 U.S.C. § 2241 action because it is a challenge to the execution of Applicant's sentence. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

As for the remaining claims raised in the instant action, the Court has reviewed the notice of appeal that Mr. Jones filed in the Colorado Court of Appeals, (Answer, Ex. A), and finds his right to speedy trial claim is the only claim presented on appeal that asserts a violation of his federal constitutional rights. Therefore, Applicant has failed to exhaust his state court remedies with respect to Claims One through Seven, Claims Nine through Thirteen and Claim Fifteen.

### III. Conclusion

Although Applicant has failed to exhaust his state court remedies in all but one of the claims that are properly raised in the instant action pursuant to 28 U.S.C. § 2254, the Court will deny the Application as time-barred. Accordingly, it is

ORDERED that both the original Application and the Amended Application are denied, and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that Applicant's Request for Court Order Granting a Bond, (Doc. No. 15), filed May 29, 2008, is denied as moot.

DATED at Denver, Colorado, this 11 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00785-BNB

Brian Keith Jones
Prisoner No. 129556
1920 Capulin Drive
Colorado Springs, CO 80910

    I hereby certify that I have mailed a copy of this **ORDER AND JUDGMENT** to the above-named individuals on 7/11/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk